**CEF FUNDING, L.L.C.**                                  CIVIL ACTION

**versus**                                               No. 09-2978

**QUINTESSA HUEY, ET AL.**                               SECTION: "I"/2

## ORDER AND REASONS

Before the Court is defendants' motion to dismiss for insufficient process. For the following reasons the motion is **DENIED.**

## BACKGROUND

On March 3, 2009, CEF Funding, L.L.C. ("CEF"), as the successor-in-interest to GE Commercial Finance Business Property Corporation, filed a verified complaint in this Court, alleging that defendants defaulted on obligations under a mortgage held by CEF.[1] CEF's verified complaint seeks to collect on a promissory note and also requests that the Court issue a writ of sequestration over settlement proceeds that defendants received in connection to litigation relating to the mortgaged property as well as any awards or compensation received in connection with remaining claims in the pending litigation.[2] On March 12, 2009, CEF filed a motion for issuance of a writ of sequestration.[3] Defendants, Kenneth Huey

---

[1] Rec. Doc. No. 1.

[2] *Id.*

[3] Rec. Doc. No. 3.

1

Family Trust, Amy Huey, Caryn L. Fong, Quintessa Huey and The Huey & Fong Trust, were served with summonses between March 18, 2009 and March 22, 2009.[4]

Defendants filed this motion to dismiss on the ground that process was insufficient because CEF failed to include the names and addresses of its attorneys on each of the five summonses.

**LAW AND ANALYSIS**

Among other things, Rule 4(a) of the Federal Rules of Civil Procedure requires that a summons "state the name and address of the plaintiff's attorney or–if unrepresented–of the plaintiff." Fed. R. Civ. P. 4(a).[5] As a result of insufficient process, a defendant may move to dismiss an action pursuant to Rule 12(b)(4).

In the instant case, defendants "recognize the technicality of the arguments" that the action should be dismissed for failure to state the names and addresses of CEF's attorneys. Nonetheless, defendants argue that because sequestration is a harsh, extraordinary remedy, the Court should strictly enforce the requirements of Rule 4(a).

In support of their argument, defendants cite a Louisiana court of appeals' opinion that a writ of sequestration may only be

---

[4]Rec. Doc. Nos. 6-10.

[5]A summons must also: include the name of the court and the parties, be directed to the defendant, provide the time within which the defendant must appear, notify the defendant that a failure to appear will result in a default judgment, be signed by the clerk of court, and bear the court's seal. Fed. R. Civ. P. 4(a).

2

issued upon strict compliance with Louisiana Code of Civil Procedure article 3501. *Yorkwood Sav. & Loan Assoc. v. Thomas,* 379 So. 2d 798 (La. Ct. App. 4th Cir. 1980). Louisiana's Fourth Circuit Court of Appeal did describe strict compliance, but only with respect to the Louisiana Code of Civil Procedure's particular requirements for obtaining a writ of sequestration, such as declaring by verified petition or affidavit the nature and amount of the claim and the grounds for the claim. *Id.* at 799.[6] The court in *Yorkwood* makes no mention of strict compliance with the requirements for service of process.[7]

Furthermore, "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of a complaint." *United Food & Comm. Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). Several courts have held that absent a showing of prejudice to the defendant, an action should not be dismissed for a technical noncompliance with Rule 4(a). *See, e.g. id.; La. Acorn Fair Housing v. Quarter House*, 952 F. Supp. 352, 355 (E.D. La. 1997)(Clement, J.); *Libertad v. Welch*, 53 F.3d 428, 440 (1st Cir. 1995)("When an alleged defect in service

---

[6]Under Louisiana law, a writ of sequestration "shall issue only when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts shown by the petition verified by, or by the separate affidavit of, the petitioner, his counsel or agent." La. Code Civ. P. Art. 3501.

[7]In fact, a writ of sequestration may be issued *ex parte* without notice to the debtor. *Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 606, 94 S. Ct. 1895, 40 L. Ed. 2d 406(1974).

3

is due to a minor, technical error, only actual prejudice to the defendant or evidence of a flagrant disregard of the requirements of the rules justifies dismissal."); *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 900(11th Cir. 1990)(finding that dismissal was not warranted where a summons did not include the filing date for responsive pleadings because defendant could have otherwise ascertained such information).

Defendants in this case have failed to demonstrate, or even attempted to argue, that they have been prejudiced by CEF's omission of its attorneys' names and addresses from the summonses. Nor would the Court be convinced that the mere failure to provide the names and addresses of CEF's counsel prejudiced defendants, particularly given the fact that attached to the summonses was the verified complaint which does identify CEF's attorneys, their address, and their telephone number.[8] Additionally, defendants have timely filed motions as well as a response to the motion for issuance of a writ of sequestration and defendants were able to name CEF's attorneys in their motion to dismiss.[9] In light of the technicality of CEF's noncompliance with Rule 4(a)(1) and the absence of prejudice to defendants, dismissal of this action under Rule 12(b)(4) is unwarranted. Accordingly,

---

[8]Rec. Doc. Nos. 6-9; Rec. Doc. No. 1, p. 12.

[9]Rec. Doc. No. 24-2, p. 2 ("In each of those summonses, G.E. failed to include the names and address of its attorneys, Richard A. Aguilar, Susan M. Tyler, Daniel T. Plunkett, and Edward L. Fenasci of McGlinchey Stafford, PLLC.").

**IT IS ORDERED** that the motion to dismiss is **DENIED.**[10]

New Orleans, Louisiana, May 11th, 2009.

                                                                        _____
                                                                        **LANCE M. AFRICK**
                                                                        **UNITED STATES DISTRICT JUDGE**

---

[10]The Court recognizes that it may allow CEF to amend the summonses. Fed. R. Civ. P. 4(a)(2). However, an amendment at this stage would be futile as defendants are well aware of the names and address of CEF's counsel based on the verified complaint and motions served upon them.

5